IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALONZO S. CURRY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-08-CV-2213-G |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Alonzo S. Curry, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part on limitations grounds and dismissed in part for failure to exhaust state remedies.

I.

In 1993, petitioner was released to mandatory supervision after serving more than six years of a 22-year sentence for sexual assault. His release was revoked on August 28, 1997 for an unspecified violation, and petitioner was returned to custody. After serving four more years in prison, petitioner again was released to mandatory supervision in 2001. His release was revoked for a second time on May 9, 2008. In calculating the remainder of his sentence, prison authorities did not credit petitioner for any of the time he spent on release. Petitioner challenged the denial of these "street time" credits in three different applications for state post-conviction relief. Two writs were denied without written order. *Ex parte Curry*, WR-36,905-01 (Tex. Crim. App. Jul. 29, 1998); *Ex parte Curry*, WR-36,905-02 (Tex. Crim. App. Feb. 6, 2008). The third writ was dismissed for

failure to exhaust administrative remedies. *Ex parte Curry*, WR-36,905-03 (Tex. Crim. App. Dec. 3, 2008). Following the dismissal of his third state writ, petitioner filed a request for administrative review of his sentence credit claims pursuant to Tex. Gov't Code Ann. § 501.0081. While that request was pending, petitioner filed this action in federal district court.

II.

In multiple grounds for relief, petitioner contends that: (1) he was denied credit on his sentence for "street time" accumulated while on release; (2) he was denied "bonus credits" for completing educational courses; and (3) the denial of these time credits violates the *ex post facto* clause of the United States Constitution.

A.

Respondent argues that any claims arising out of petitioner's 1997 revocation are barred by limitations.[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Scott v. Quarterman*, No. 3-07-CV-0652-K, 2007 WL 1670172 at *1 (N.D. Tex. Jun. 6, 2007). This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. §

---

[1] Respondent also contends that these claims are unexhausted. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2). This statute also authorizes the dismissal of a federal habeas petition on limitations grounds. *See Scott v. Quarterman*, No. 3-07-CV-0652-K, 2007 WL 1670172 at *1 n.1 (N.D. Tex. Jun. 6, 2007), *citing Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1498 (2001). In light of the determination that any claims arising out of petitioner's 1997 revocation are barred by limitations, the court need not consider whether petitioner has exhausted his state remedies with respect to those claims.

2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

Petitioner was twice released to mandatory supervision. His first release certificate, dated May 17, 1993, advised petitioner that "in the event of revocation of this release on Mandatory Supervision, time spent on Mandatory Supervision will not be credited to [your] sentence." (Resp. Supp. Exh., MSSR at 2) (emphasis in original). Therefore, petitioner either knew or should have been aware of the factual basis of his sentence credit claim when his mandatory supervision was revoked on August 28, 1997. Petitioner raised this claim in three different applications for state post-conviction relief. His first state writ was filed on December 23, 1997, and denied on July 29, 1998. His second state writ was filed on October 9, 2007, and denied on February 6, 2008. His third state writ was filed on July 2, 2008, and dismissed on December 3, 2008. Petitioner filed this action in federal court on December 9, 2008.

At the very latest, the statute of limitations with respect to any claims arising out of petitioner's first revocation started to run on August 28, 1997--the date his mandatory supervised release was revoked. *See Scott*, 2007 WL 1670172 at *1. The limitations period was tolled from December 23, 1997 to July 29, 1998, a period of 219 days, while a properly filed application for state post-conviction relief was pending. Even allowing for this tolling period, petitioner still waited more than *nine years* before seeking further relief in state or federal court. Petitioner offers no explanation for this delay. Instead, petitioner maintains that he should have been released from prison on April 24, 2008. (*See* Pet. Resp. at 2). "Equitable tolling is not permitted merely because petitioner believes he is entitled to relief." *Johnson v. Quarterman*, No. 3-09-CV-0183-G, 2009 WL 1505255

at *2 (N.D. Tex. May 27, 2009), citing *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Because petitioner has failed to establish a basis for statutory or equitable tolling, any claims arising out of his 1997 revocation should be dismissed on limitations grounds.

B.

Respondent further contends that any claims arising out of petitioner's 2008 revocation, along with any claims involving the denial of "bonus credits" for completing educational courses, are unexhausted. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 1508 (1983). Under Texas law, a prisoner may challenge the denial of sentence credits following the revocation of parole or mandatory supervision in an application for writ of habeas corpus. *See Henderson v. Quarterman*, No. 3-07-CV-0149-K, 2007 WL 1302398 at *1 (N.D. Tex. May 1, 2007) (citing cases). However, before presenting a sentence credit claim to the Texas Court of Criminal Appeals in a habeas application, the prisoner must first seek administrative review of the claim pursuant to Tex. Gov't Code Ann. § 501.0081. *Id.*; *see also Levi v. Director, TDCJ-CID*, No. 1-06-CV-37, 2006 WL 2504783 at *2 (E.D. Tex. Aug. 29, 2006) (citing Texas cases).

Petitioner filed only one state writ after his mandatory supervised release was revoked in 2008, and that writ was dismissed for failure to comply with the requirements of section 501.0081.[2]

---

[2] Section 501.0081 of the Texas Government Code provides:

> (a) The [TCDJ] shall develop a system that allows resolution of a complaint by an inmate who alleges that time credited on the inmate's sentence is in error and does not accurately reflect the amount of time-served credit to which the inmate is entitled.
>
> (b) Except as provided by Subsection (c), an inmate may not in an application for a writ of habeas corpus under Article 11.07, Code of Criminal Procedure, raise as a claim a time-served credit error until:

As a result, any claims arising out of petitioner's 2008 revocation are unexhausted. In addition, petitioner did not raise any claims involving the denial of "bonus credits" for completing educational courses in any of his state writs. Unless and until petitioner exhausts his state remedies, he cannot seek federal habeas relief. *See* 28 U.S.C. § 2254(b)(1); *Rollins v. Dretke*, No. 3-05-CV-0314-N, 2005 WL 600063 at *2 (N.D. Tex. Mar. 11, 2005), *rec. adopted*, 2005 WL 743059 (N.D. Tex. Mar. 31, 2005) (petitioner who failed to comply with section 501.0081 before filing state writ did not present sentence credit claims to Texas Court of Criminal Appeals in a "procedurally correct manner").

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part on limitations grounds and dismissed in part for failure to exhaust state remedies. Any claims arising out of petitioner's 1997 revocation are barred by limitations and should be dismissed with prejudice. Any claims arising out of petitioner's 2008 revocation, as well as any claims involving the denial of "bonus credits" for completing educational courses, are unexhausted and should be dismissed without prejudice.

---

    (1)    the inmate receives a written decision issued by the highest authority provided for in the resolution system; or

    (2)    if the inmate has not received a written decision described by Subdivision (1), the 180th day after the date on which under the resolution system the inmate first alleges the time-served credit error.

    (c)    Subsection (b) does not apply to an inmate who, according to the department's computations, is within 180 days of the inmate's presumptive parole date, date of release on mandatory supervision, or date of discharge. . . .

TEX. GOV'T CODE ANN. § 501.0081 (Vernon 2004). Although petitioner eventually sought administrative review of his sentence credit claim, he did not receive a response from prison authorities until *after* his state writ had been dismissed. Under these circumstances, the claim is unexhausted. *See Toney v. Quarterman*, No. 3-07-CV-1261-G, 2007 WL 2962798 at *1-2 (N.D. Tex. Oct. 11, 2007).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 25, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE